# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVID ZUCK,<br><br>               Plaintiff,<br><br>vs.<br><br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>               Defendant. | CASE NO. 08-CV-0476-H (LSP)<br><br>ORDER:<br><br>(1) DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT; AND<br><br>(2) TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM |

      On March 14, 2008, pro se plaintiff Daniel David Zuck ("Plaintiff") filed a complaint against the Federal Bureau of Investigation ("FBI"), along with the required filing fee. (Doc. No. 1.) On June 10, 2008, Plaintiff filed a proof of service indicating personal service on an agent of the FBI at 9797 Aero Dr. in San Diego, CA. (Doc. No. 4.) On August 7, 2008, Plaintiff filed a motion which the Court construes as a motion for default judgment. (Doc. No. 6.) For the reasons set forth below, the Court denies the request for default judgment and orders Plaintiff to show cause why it should not dismiss the complaint for failure to state a claim.

/ / /

**Discussion**

**I.   Default Judgment**

Plaintiff's motion does not meet the standard for entering default judgment. First, Plaintiff has not sought or obtained entry of a clerk's default under Federal Rule of Civil Procedure 55(a). Second, the evidence on file does not establish that Plaintiff has properly served the FBI. To serve an agency of the United States, Rule 4(i)(2) requires the plaintiff to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Service on the United States requires, among other things, providing a copy to the office of the United States attorney in the district where the action is brought by one of the means specified in Rule 4(i)(1)(A), and sending a copy by registered or certified mail to the Attorney General in Washington, D.C. See Fed. R. Civ. P. 4(i)(1)(B). The evidence does not indicate that Plaintiff properly served the United States.

Finally, Rule 55(d) permits entry of default judgment against an agency of the United States only where "the claimant establishes a claim or right to relief by evidence that satisfies the court." Plaintiff has not met this standard. Furthermore, upon reviewing the complaint in connection with the motion for default judgment, the Court tentatively concludes that the complaint fails to state a claim and is subject to dismissal under Rule 12(b)(6).

**II.   Sufficiency of the Complaint**

A trial court may act on its own initiative to dismiss a complaint under Rule 12(b)(6), but it must give notice of its intent to do so and provide the plaintiff an opportunity to respond. Wong v. Bell, 642 F.2d 359, 361-62 (1981). Rule 12(b)(6) permits dismissal of a claim either where the claim lacks a cognizable legal theory, or where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

Plaintiff believes that he is being secretly investigated by the FBI using techniques that amount to psychological abuse or torture. There is nothing in the complaint, however, to "raise a right to relief above the speculative level." Id. Plaintiff must provide factual allegations which, if proved, would establish a right to relief. At this point, Plaintiff's allegations are merely speculative. Accordingly, the Court orders Plaintiff to show cause why it should not dismiss the complaint for failure to state a claim.

## Conclusion

The Court DENIES Plaintiff's motion for default judgment. Furthermore, the Court orders Plaintiff to show cause why the Court should not dismiss the complaint for failure to state a claim. Plaintiff shall file his response to this order on or before **September 8, 2008**. If Plaintiff does not file a timely response to this order, the Court may dismiss the complaint without further notice to Plaintiff.

IT IS SO ORDERED.

DATED: August 11, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.