1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 DANIEL DAVID ZUCK,                              CASE NO. 08-CV-0476-H (LSP)

12                                  Plaintiff,    ORDER DISMISSING
                                                  COMPLAINT WITH LEAVE
    vs.                                           TO AMEND
13
    FEDERAL BUREAU OF
14  INVESTIGATION,

15                                  Defendant.

16      On March 14, 2008, pro se plaintiff Daniel David Zuck ("Plaintiff") filed a

17 complaint against the Federal Bureau of Investigation ("FBI"), along with the required

18 filing fee. (Doc. No. 1.) On August 11, 2008, the Court ordered Plaintiff to show cause

19 why it should not dismiss his complaint for failure to state a claim.  (Doc. No. 9.)

20 Plaintiff filed his response on August 18, 2008. (Doc. No. 11.)  For the reasons set

21 forth below, the Court dismisses the complaint with leave to amend.

22                                 **Discussion**

23      A trial court may act on its own initiative to dismiss a complaint under Rule

24 12(b)(6), but it must give notice of its intent to do so and provide the plaintiff an

25 opportunity to respond.  Wong v. Bell, 642 F.2d 359, 361-62 (1981).  Rule 12(b)(6)

26 permits dismissal of a claim either where the claim lacks a cognizable legal theory, or

27 where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v.

28 Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must contain

1  factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell</u>

2  <u>Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). If a complaint

3  does not state a claim, courts typically grant leave to amend unless the pleading could

4  not possibly be cured by the allegation of other facts. <u>See</u> <u>Doe v. United States</u>, 58 F.3d

5  494, 497 (9th Cir.1995).

6      The Court's order of August 11, 2008 notified Plaintiff that the complaint did not

7  appear to "raise a right to relief above the speculative level." <u>Twombly</u>, 127 S.Ct. at

8  1965.  The Court has reviewed Plaintiff's exhibits, (<u>See</u> Doc. Nos. 11-13), and

9  concludes that they do not raise a right to relief above the speculative level. <u>Id.</u> For

10 example, Plaintiff believes in the existence of tiny, unobservable surveillance devices,

11 though he admits that he has been unable to detect them directly. This belief, which is

12 representative of Plaintiff's voluminous submissions, does not rise above his mere

13 speculation that the FBI is secretly investigating him. The Court will provide Plaintiff

14 an opportunity to amend his pleadings.

15                                  **Conclusion**

16     The Court dismisses the complaint with leave to amend. Plaintiff may submit an

17 amended complaint consistent with this order within **45 days** of the date this order is

18 filed. The Court encourages Plaintiff to avoid speculation or conjecture and to refer to

19 federal pleading requirements, including Federal Rule of Civil Procedure 8(a)(2), which

20 requires "a short and plain statement of the claim showing that the pleader is entitled

21 to relief."

22     IT IS SO ORDERED.

23 DATED:  August 21, 2008

24

25                                          MARILYN L. HUFF, District Judge
                                            UNITED STATES DISTRICT COURT

26 COPIES TO:
   All parties of record.

27

28

- 2 -

08cv476